Case 4:20-cv-00978   Document 46   Filed on 11/19/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 19, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSS DRESS FOR LESS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-978 |
| | § | |
| ML DEVELOPMENT LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Ross Dress for Less, Inc. and ML Development LP filed cross-motions for summary judgment on Ross's claims for breach of contract and unjust enrichment. (Docket Entry Nos. 33, 35). The claims arise from a real-estate Purchase Agreement and a Tax-Proration Agreement between the parties. Under these Agreements, ML Development agreed to pay certain taxes on the property before the real-estate purchase closed. The issue is whether ML Development's obligation to pay the taxes was discharged under the parties' Drainage Easement Agreement. Based on the pleadings, the motions and responses, the record, the applicable law, the arguments of counsel presented at an oral hearing, and the supplemental briefs, the court finds that, as a matter of law, the obligation was discharged. ML Development's Motion for Summary Judgment is granted, and Ross's Cross-Motion for Summary Judgment is denied. Final judgment is entered by separate order.

The reasons are explained in detail below.

**I.     Background**

In August 2018, ML Development entered into an Agreement to sell Ross 250 acres of land in Waller County, Texas, for approximately $33,000,000. Under that Purchase Agreement,

ML Development also agreed to pay, before closing, all roll-back taxes on the property and a prorated share of the 2019 real-estate taxes owed. After executing the Purchase Agreement, the parties executed the Tax-Proration Agreement, three Amendments to the Purchase Agreement,[1] and a Drainage Easement Agreement.

The uncontested evidence submitted by ML Development establishes the following:

- Under the original Purchase Agreement, ML Development agreed to sell 250 acres of land in Waller County, Texas, to Ross. (Docket Entry No. 33-2 at 2 (Exhibit A-1)).

- Under Section 6.6 of the Purchase Agreement, the parties agreed to prorate any real-property taxes and special assessments, and ML Development agreed "to pay all roll back taxes." (*Id.* at 6).

- Under the Tax Proration Agreement, signed after the execution of the original Purchase Agreement, the 2019 ad valorem property taxes were prorated between the parties. (Docket Entry No. 33-6 (Exhibit A-5)).

- Under the Drainage Easement Agreement, the last agreement between the parties, ML Development granted Ross an easement over ML Development's land so that Ross could build the structures necessary to drain the property that Ross had purchased. (Docket Entry No. 33-7 at 2 (Exhibit A-6)).

- Paragraph 9 of the Drainage Easement Agreement stated that, "[n]otwithstanding anything the contrary," ML Development's "conveyance of this easement fulfills any and all contractual, moral, or ethical obligations that [ML Development] may have had in the past or may have in the future to [Ross]." (*Id.* at 3).

---

[1] The amendments modified provisions of the original Purchase Agreement that are not relevant to this dispute.

- Paragraph 9 of the Drainage Easement Agreement also provided that ML Development "shall have no obligation to provide any easements, right-of-way or anything else of value to [Ross]." (*Id.*).

In its corrected amended complaint, Ross asserts that ML Development has breached its obligations under the Purchase Agreement or has been unjustly enriched in its failure to pay its tax obligations. Those obligations total more than $546,000. (Docket Entry No. 14 at 1, 9–10). Ross also seeks a declaratory judgment that the Drainage Easement Agreement "does not in any way affect or eliminate [Defendant's] significant tax obligations." (*Id.* at 2). In its response to ML Development's Motion for Summary Judgment and its Cross-Motion for Summary Judgment, Ross emphasizes that "the only issue in dispute in this litigation is whether Paragraph 9 [of the Drainage Easement Agreement] discharges Defendant's Tax Obligations." (Docket Entry No. 35 at 26). ML Development agrees. (Docket Entry No. 33 at 18). In supplemental briefs, the parties presented argument and case law on whether Paragraph 9 of the Drainage Easement Agreement met the requirements for accord and satisfaction of ML Development's tax obligations.

## II.     The Legal Standard

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (internal quotation marks omitted); *accord* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (internal quotation marks omitted). "[A] fact is 'material' if its resolution could affect the outcome of the action." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (per curiam). In deciding a summary judgment motion, the court draws

3

all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018), *cert. denied sub. nom. City of Fort Worth, Tex. v. Darden*, 139 S. Ct. 69 (2018).

"When parties file cross-motions for summary judgment, [courts] review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Cooley v. Housing Auth. of the City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014).

**III.    Analysis**

ML Development moved for summary judgment on the basis that Paragraph 9 of the Drainage Easement Agreement constitutes a "release" of its tax obligations. The court first analyzes whether Paragraph 9 discharges ML Development's tax obligations through the lens of "accord and satisfaction," not whether this language is also a "release" under Texas law.[2]

Texas law requires an accord and satisfaction when parties agree to discharge an existing obligation in a manner other than as originally agreed. *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex. 1969); *see also Susaraba v. Bates*, No. 07-15-00405-CV, 2017 WL 3723366, at *2 (Tex. App.—Amarillo Aug. 28, 2017, no pet.). The "accord" is a new agreement, and the "satisfaction" is the discharge of the existing obligation. *Metromarketing Serv., Inc. v. HTT Headwear, Ltd.*, 15 S.W.3d 190, 197 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

To prove accord and satisfaction, a party must show "an assent [by] the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire

---

[2] ML Development initially elected not to respond to Ross's argument on accord and satisfaction, beyond a footnote explaining that accord and satisfaction was not yet before the court. Instead, ML Development filed a motion to amend its answer to include the affirmative defense of accord and satisfaction. (Docket Entry No. 38 at 13 n.7). That motion was granted during the hearing held in October 2020.

claim." *Jenkins*, 449 S.W.2d at 455.  There must be "unmistakable communication" that tendering the lesser sum is conditioned on acceptance satisfying the underlying obligation.  *Id.*  The parties' "agreement to discharge the existing obligation [must be] plain, definite, certain, clear, full, explicit and not susceptible to any other interpretation."  *Honeycutt v. Billingsley*, 992 S.W.2d 570, 577 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (citing *Jenkins*, 449 S.W.2d at 455).

 Because an "accord" is a contract, contract interpretation rules apply.  *See Hycarbex, Inc. v. Anglo-Suisse, Inc.*, 927 S.W.2d 103, 108 (Tex. App.—Houston [14th Dist.] 1996, no writ) (internal citations omitted).  In determining whether accord and satisfaction is proven here, the court first determines whether, as a matter of law, Paragraph 9 of the Drainage Easement Agreement is ambiguous.  It is ambiguous only if its meaning is uncertain and doubtful or reasonably susceptible to more than one interpretation.  *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex. 1983).  Paragraph 9 is unambiguous.  It plainly states that "[n]otwithstanding anything to the contrary, the conveyance of [the] easement fulfills any and all contractual, moral, or ethical obligations that [Defendant] may have had in the past or may have in the future to [Ross]."

The interpretation of an unambiguous contract is a question of law. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650 (Tex. 1999).  "The language in an agreement is to be given its plain grammatical meaning unless to do so would defeat the parties' intent."  *DeWitt Cty. Elec. Cooperative, Inc. v. Parks*, 1 S.W.3d 96, 101 (Tex. 1999).  The court "examine[s] and consider[s] *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless."  *Coker*, 650 S.W.2d at 393 (emphasis in original).

Because the material facts are not disputed, the question is whether, as a matter of law, Paragraph 9 is an "accord" that discharges ML Development's tax obligations.  Under Paragraph 9,

5

by granting the easement, ML Development fulfilled "any and all contractual, moral, or ethical obligations that [it] may have had in the past or may have in the future to [Ross]." Paragraph 9 goes on to state that ML Development "shall have no obligation to provide any easement, right-of-way *or anything else of value* to [Ross]." Ross's argument that this language is not sufficiently "plain, definite, certain, clear, full, [and] explicit," for an accord, *Honeycutt*, 992 S.W.2d at 577, is unpersuasive.

First, there is no dispute that when the Drainage Easement Agreement was executed, ML Development's existing contractual obligations to Ross included its tax obligations. Second, even when read in the light most favorable to Ross, Paragraph 9 plainly states that, in granting the easement, ML Development "fulfilled" its past contractual obligations, which included the tax obligations, and was not obligated to provide "anything else of value" to Ross. Third, the plain language of the Drainage Easement Agreement does not carve out ML Development's existing tax obligation from those contract obligations fulfilled by conveying the easement. Under these circumstances, Paragraph 9 is an "unmistakable communication" that Ross agreed to accept the easement as full discharge of ML Development's tax obligations. *Jenkins*, 449 S.W.2d at 455.

Because there is no genuine factual dispute material to determining that the easement conveyance in Paragraph 9 discharged ML Development's tax obligations, ML Development is entitled to summary judgment, and Ross's cross-motion is denied. *See Shaw Constrs. v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538–39 & n.9 (5th Cir. 2004).

**IV.   Conclusion**

ML Development's Motion for Summary Judgment, (Docket Entry No. 33), is granted, and Ross's Cross-Motion for Summary Judgment, (Docket Entry No. 35), is denied. Final

judgment is entered by separate order.

SIGNED on November 19, 2020, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge