# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROSS DRESS FOR LESS, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-20-978 |
| ML DEVELOPMENT LP, | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

ML Development LP moved to recover its attorney's fees after the court granted its motion for summary judgment in this breach of contract and unjust enrichment action. (Docket Entry No. 55). Ross Dress For Less, Inc. has opposed the award on two grounds: the motion was untimely, and the evidentiary basis for the recovery of fees was insufficient. Neither is a persuasive basis to deny the fees sought.

The first issue is timely filing. Under Federal Rule of Civil Procedure 54(d)(2)(B), "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." Rule 54 defines "judgment" as "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). The court denied Ross's Rule 59(e) motion for reconsideration on January 26, 2021. (Docket Entry No. 54). The order denying that motion is an appealable judgment. *See Zimmerman v. City of Austin, Texas*, 969 F.3d 564, 570 (5th Cir. 2020) (The "Rule 59(e) motion was denied on October 26, 2016, making a motion for attorneys' fees due by November 9, 2016."). ML Development moved for attorney's fees the same day that the court denied Ross's Rule 59(e) motion. (Docket Entry Nos. 54, 55). The motion was timely.

The second issue is the adequacy of the evidentiary support.  Ms. Misty A. Hataway-Coné, the managing partner and owner of Coné PLLC, which represented ML Development in this case, provided an affidavit in support of the legal fees sought.  Ms. Hataway-Coné has 19 years of litigation experience in Houston and other state and federal courts.  She testified that she had personal knowledge not only of the legal services that she and her firm provided to ML Development, but also with the legal services provided by Mr. Andrew McCormick and Ms. Laurie Munoz at the law firm of McCormick|Landry Munoz, PLLC.  She is competent to testify in support of the legal work provided and the fee amount sought.  (Docket Entry No. 55-2)

Ross does not appear to challenge the hourly rates of the attorneys who worked on this litigation, ranging from $275.00 per hour to $295.000 per hour.  Nor does Ross challenge the approximately 203 hours of legal work performed by counsel for ML Development.  Instead, Ross challenges the absence of detail justifying the business judgment in seeking an award for less than the full amounts shown on the underlying invoices.  Additional detail is not required when, as here, there does not appear to be any effort to recover for unnecessary or duplicative legal work, and there is adequate information provided as to the nature and quantity of the legal work performed.  *See Active Mortg., LLC v. Trans Union, LLC*, No. CIV.A. 09-986-JJB, 2013 WL 1180954, at *2 (M.D. La. Mar. 20, 2013) (the fee applicant has the burden of showing adequate documentation of hours expended and hourly rates, and unnecessary or redundant hours are not recoverable).

The motion for an award of attorney's fees is granted.  ML Development is awarded $29,765.50 in attorney's fees and taxable costs of court.

SIGNED on April 2, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge