# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ROSS DRESS FOR LESS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **4:20-cv-00978** |
| **ML DEVELOPMENT LP,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF
### MOTION FOR ATTORNEYS' FEES AND EXPENSES

On April 26, 2022, the Court directed Plaintiff Ross Dress for Less, Inc. ("**Ross**") to file supplemental briefing and evidence on the reasonableness of the hourly rates of its attorneys and paralegal. *See* Order, Dkt. No. 78. Accordingly, Ross files this Supplemental Brief in Support of Motion for Attorneys' Fees and Expenses (the "**Fee Motion**") and provides the following additional evidence as to fees as set forth below.

As detailed in the Fee Motion and supporting documents, Ross seeks to recover **$872,471.86** in reasonable and necessary attorneys' fees, a number representing only **62.9%** of the **$1,386,781.63** in fees actually billed to Ross. Fee Mot. at 12–13. This reduced amount accounts for any potential duplication or inefficiencies by eliminating all billers except the five core attorneys and one paralegal and incorporating an additional 20% reduction to the lodestar on those remaining six timekeepers. *Id.* at 13–14. Below is a summary comparison of the standard and adjusted hourly rates for each of the Weil, Gotshal & Manges LLP ("**Weil**") attorneys:

**Table 1**

| Timekeeper | Date | Standard Billing Rate | Adjusted Billed Rate *(including 15% adjustment)* | Adjusted Final Hourly Rate *(including additional 20% adjustment to lodestar)* |
|---|---|---|---|---|
| P. Genender | 02/01/20-12/31/20 | $1,250.00 | $1,062.50 | $850.00 |
|  | 01/01/21-11/30/21 | $1,350.00 | $1,147.50 | $918.00 |
| Z. Tripp | 11/01/20-12/31/20 | $1,175.00 | $998.75 | $799.00 |
|  | 01/01/21-11/30/21 | $1,275.00 | $1083.75 | $867.00 |
| N. White | 02/01/20-12/31/20 | $1,100.00 | $935.00 | $748.00 |
|  | 01/01/21-07/31/21 | $1,150.00 | $977.50 | $782.00 |
| A. Curtis | 01/01/21-09/30/21 | $1,040.00 | $884.00 | $707.20 |
|  | 10/01/21-11/30/21 | $1,075.00 | $913.75 | $731.00 |
| M. Cloud | 09/01/20-09/30/20 | $595.00 | $505.75 | $404.60 |
|  | 10/01/20-12/31/20 | $730.00 | $620.50 | $496.40 |
|  | 01/01/21-09/30/21 | $770.00 | $654.50 | $523.60 |
|  | 10/01/21-11/30/21 | $895.00 | $760.75 | $608.60 |
| S. Morris | 02/01/20-12/31/20 | $390.00 | $331.50 | $265.20 |
|  | 01/01/21-10/31/21 | $390.00 | $344.25 | $275.40 |

Ross supported its Fee Motion with a declaration from lead attorney Paul R. Genender, a summary of fees and costs, and detailed billing records. *See* Dkt. Nos. 72-1, 72-2, and 72-3. Per the Court's directive, Ross now offers the following additional evidence and briefing to support its requested hourly rates and to demonstrate that those rates are in line with those prevailing in the relevant market for similar services by lawyers of reasonably comparable skill, experience, and reputation:

- Declaration of Collin J. Cox, attached hereto as **Exhibit 1** and incorporated fully herein by reference; and

- Excerpts of the PricewaterhouseCoopers' 2021 Revenue Management Report, attached as **Exhibit 2-A** to the Declaration of Daniel Lampert,

attached hereto as **Exhibit 2**, each of which are incorporated fully herein by reference.

Mr. Cox is a Houston-based attorney and litigation partner at Gibson, Dunn & Crutcher LLP, with approximately 20 years of experience litigating complex commercial cases at both a full-service national law firm and a boutique litigation firm.  Ex. 1 ¶¶ 2, 4.  Based on Mr. Cox's review of the records in this matter—including his review of the professional backgrounds and reputation of Paul R. Genender, Zachary D. Tripp, Nathan White, Aaron J. Curtis, Megan Cloud, and paralegal Sharron Morris, and the law firm of Weil, Gotshal & Manges LLP generally—as well as personal knowledge stemming from his experience litigating complex commercial cases in Houston, Mr. Cox opines that the rates charged by each Weil attorney and paralegal constitute reasonable hourly rates because they are in line with those prevailing in the relevant market for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *See* Ex. 1 ¶ 12; *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.").

In addition to attorney affidavits, courts in the Southern District of Texas also consider statistical billing rate data like that reflected in the PricewaterhouseCoopers' 2021 Revenue Management Report (the "**PWC Report**") when determining the reasonableness of requested hourly rates.  *See Calsep A/S v. Intelligent Petroleum Software Sols., LLC*, Case No. 4:19-CV-1118, 2022 WL 508334, at *5 (S.D. Tex. Feb. 18, 2022) ("In support of the hourly rates charged, Plaintiffs' counsel attached statistics from the Thompson Reuters' Peer Monitor billing rate software.").  Weil is a recipient of the PWC Report, which is based on findings from its proprietary Billing Rate & Associate Salary Survey ("**BRASS**"), and which Weil considers, among other things, when setting its rates.  Ex. 2 ¶ 3, 2-A, "Guide to Interpreting the Statistics Presented in this

Report." BRASS collects the billing rate information from law firms across the nation, which can be limited by type of practice, state or city location, among other things. Ex. 2 ¶ 3. The PWC Report combines billing rate data from attorneys with similar experience at peer law firms[1] in Houston, Texas. According to the PWC Report, the 2020 average hourly billed rate and the 2021 standard hourly billing rate among comparable Houston litigation attorneys is as follows:

**Table 2**

| PWC Report Averages | Year | PWC Houston 1st Quartile | PWC Houston Median | PWC Houston 3rd Quartile |
|---|---|---|---|---|
| Billed Rate[2]/Equity Partner | 2020 | ■ | ■ | ■ |
| Standard Rate/Equity Partner | 2021 | ■ | ■ | ■ |
| Billed Rate/Equity Partner with 26–30 years of experience | 2020 | ■ | ■ | ■ |
| Standard Rate/Equity Partner with 26–30 years of experience | 2021 | ■ | ■ | ■ |
| Billed Rate/Non-Equity Partner with 11–15 years of experience | 2020 | ■ | ■ | ■ |
| Standard Rate/Non-Equity Partner with 11–15 years of experience[3] | 2021 | ■ | ■ | ■ |

---

[1] In requesting the PWC Report, Weil included the following law firms as part of the relevant peer group: Gibson, Dunn & Crutcher LLP; Baker Botts L.L.P.; Vinson & Elkins LLP; Latham & Watkins LLP; Kirkland & Ellis LLP; Quinn, Emanuel, Urquhart & Sullivan, LLP; Hunton Andrews Kurth LLP; Akin, Gump, Strauss, Hauer & Feld LLP; Jones Day; and Shearman & Sterling LLP. Ex. 2 ¶ 4.

[2] Billed rates are calculated by dividing the actual value of the amount billed during the 2020 calendar year by the total number of billable hours worked.

[3] Although Mr. Tripp is an equity partner, the hourly billing rate for 2021, as reflected in the PWC Report, for a non-equity partner with comparable years of experience is still higher than the adjusted final hourly rate Ross seeks to recover for Mr. Tripp. *See infra* Table 3.

| PWC Report Averages | Year | PWC Houston 1st Quartile | PWC Houston Median | PWC Houston 3rd Quartile |
|---|---|---|---|---|
| Billed Rate/All Associates | 2020 | ██████ | ████ | ████ |
| Standard Rate/All Associates | 2021 | ██████ | ████ | ████ |
| Billed Rate/Class of 2012 Associate | 2020 | █ | ████ | █ |
| Standard Rate/Class of 2012 Associate | 2021 | █ | ████ | █ |
| Billed Rate/Class of 2015 Associate | 2020 | █ | █ | █ |
| Standard Rate/Class of 2015 Associate[4] | 2021 | █ | ████ | █ |
| Billed Rate/Class of 2019 Associate | 2020 | ████ | ████ | ████ |
| Standard Rate/Class of 2019 Associate | 2021 | ████ | ████ | ████ |
| Billed Rate/Paralegal | 2020 | █ | █ | █ |
| Standard Rate/Paralegal | 2021 | █ | ████ | █ |

████████████████████

Ex. 2-A, PWC Report at 64 (associate standard rates), 65 (associate billed rates), 79 (partner standard rates), 85 (paralegal standard rates), 100-01 (partner billed rates). While these rates account for the average case, they do not reflect the high stakes and risk involved in this litigation, which support a higher hourly rate. *See* Ex. 1 ¶¶ 7, 12.

A summary comparison between the median market rate in Houston, as set forth in the PWC Report, and Weil's adjusted final hourly rates is as follows:

---

[4] Although Mr. Curtis is a Class of 2014 associate, ████████████████████████████. The hourly rate provided represents Class of 2015 attorneys instead. Despite having a full year less experience, the median hourly billing rate for a Class of 2015 attorney is higher than the rate requested for Mr. Curtis. *See infra* Table 3.

**Table 3**

| Timekeeper | Date | PWC Houston Median Hourly Rate[5] | Weil Adjusted Final Rate (including additional 20% adjustment to lodestar) |
|---|---|---|---|
| P. Genender | 02/01/20-12/31/20 | ███ | $850.00 |
| | 01/01/21-11/30/21 | ███ | $918.00 |
| Z. Tripp[6] | 11/01/20-12/31/20 | █ | $799.00 |
| | 01/01/21-11/30/21 | ███ | $867.00 |
| N. White | 02/01/20-12/31/20 | ███ | $748.00 |
| | 01/01/21-07/31/21 | ███ | $782.00 |
| A. Curtis[7] | 01/01/21-09/30/21 | ███ | $707.20 |
| | 10/01/21-11/30/21 | | $731.00 |
| M. Cloud | 09/01/20-09/30/20 | ███ | $404.60 |
| | 10/01/20-12/31/20 | | $496.40 |
| | 01/01/21-09/30/21 | ███ | $523.60 |
| | 10/01/21-11/30/21 | | $608.60 |
| S. Morris | 02/01/20-12/31/20 | █ | $265.20 |
| | 01/01/21-10/31/21 | ███ | $275.40 |

███████████████

Ex. 2-A, PWC Report at 64 (2021 median associate standard hourly rates), 65 (2020 median associate billed hourly rate), 79 (2021 median partner standard hourly rates), 85 (2021 median standard paralegal rates), 100-01 (2020 median partner billed hourly rate).

As reflected in Table 3 above, the adjusted final rates that Ross seeks to recover for each Weil attorney and paralegal are generally in line with or lower than the median market rate in the

---

[5] The median rates for time billed in 2020 and 2021 are the same as the 2020 Billed Rate median and 2021 Standard Rate median, respectively, as reflected in Table 2.

[6] *See supra* n.3.

[7] Aaron Curtis only billed time in 2021, therefore, only the 2021 Standard Rate median is reflected with respect to his time.

Houston market for similar services by lawyers of reasonably comparable skill, experience, and reputation. Because Ross's requested hourly rates generally align with the median of the market for lawyers of comparable skill, experience, and reputation, the rates are reasonable. Ross respectfully submits that it is, therefore, entitled to the requested recovery of its reasonable and necessary attorneys' fees.

## CONCLUSION

In light of the evidence outlined above, Ross has demonstrated the reasonableness of its requested hourly rates, which are in line with or below the prevailing market rates in the Houston community. Accordingly, Ross respectfully requests that the Court award it **$872,471.86** in discounted attorneys' fees as set forth in the Fee Motion. Ross further requests that the Court award it **$29,722.10** in reasonable expenses or, in the alternative, $18,394.52 in non-taxable expenses incurred in this litigation, and all other relief, at law or in equity, to which it is justly entitled.

Dated: May 6, 2022

Respectfully submitted,

 */s/ Paul R. Genender*

Paul R. Genender
  paul.genender@weil.com
  State Bar No. 00790758
  Texas Southern District Bar No. 24576
Brittany Bunch
  brittany.bunch@weil.com
  State Bar No. 24105554
Megan Cloud
  megan.cloud@weil.com
  State Bar No. 24116207

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas  75201-7830
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777

***ATTORNEYS FOR PLAINTIFF***
***ROSS DRESS FOR LESS, INC.***

## CERTIFICATE OF SERVICE

This is to certify on May 6, 2022 a true and correct copy of the foregoing document was served upon counsel of record for Defendant via ECF.

 */s/ Paul R. Genender*

Paul R. Genender