# *EXHIBIT 1*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSS DRESS FOR LESS, INC., | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| ML DEVELOPMENT LP, | § § | 4:20-cv-00978 |
| Defendant. | § § | |

## DECLARATION OF COLLIN J. COX

I, Collin J. Cox, declare the following pursuant to 28 U.S.C. §1746:

1. I am over eighteen years of age, of sound mind, and have never been convicted of a felony or offense involving moral turpitude. I am perfectly competent in all respects to make this declaration ("**Declaration**").

2. I am an attorney duly admitted to practice before this Court and a litigation partner in the Houston office of Gibson, Dunn & Crutcher LLP ("**Gibson Dunn**"). Before joining Gibson Dunn in August 2021, I was a partner at Yetter Coleman LLP, a Houston litigation boutique, for fifteen years.

3. I have personal knowledge of the facts stated herein. I reviewed various trial court and appellate court records, including the parties' briefing on attorney's fees and the background information for each of the Weil, Gotshal & Manges LLP ("**Weil**") attorneys and support staff, including exhibits attached to Plaintiff Ross Dress for Less, Inc.'s ("**Plaintiff**" or "**Ross**") Motion for Attorneys' Fees and Expenses [ECF No. 72] (the "**Fee Motion**"). I am familiar with the issues in this case, the legal work provided, the background and professional experience of the attorneys

involved in litigating this matter for Ross, and the attorney's fees incurred. I submit this declaration in support of Plaintiff's Fee Motion.

4.      I am a 2001 *summa cum laude* graduate of Duke University School of Law. Before beginning my practice, I served as a law clerk to the Honorable Anthony J. Scirica of the United States Court of Appeals for the Third Circuit. I am admitted to practice in all federal district courts in Texas, the Fifth Circuit Court of Appeals, and the United States Supreme Court. I have over twenty years of experience in prosecuting and defending complex commercial litigation matters, including high-stakes commercial cases like this one. I am band-rated by Chambers USA, and I have repeatedly been named as a "Texas Super Lawyer" and a "Top 100 Super Lawyer" in Houston by Thomson Reuters. A true and correct copy of my biography is attached as **Exhibit A** and is incorporated for all purposes.

5.      As part of my work litigating complex commercial cases and my ongoing professional education and investigation, I have reviewed and am familiar with the professional background and hourly rates of Houston attorneys of comparable skill, reputation, and experience as the Weil attorneys and paralegal prosecuting this case. My own hourly rate for complex business litigation like this case is $1385. Associates' hourly rates in our Houston office for matters like this range between $800 and $1000 depending on experience level, and senior paralegal hourly rates range between $300 and $450. These are the rates that I would charge to provide legal services in a case such as this one. It is my opinion that these rates are in line with the prevailing market rates in the Houston market for attorneys and paralegals with similar skill, experience, and reputation as Ross's counsel in this case.

6.      I am familiar with the professional backgrounds and reputation of Plaintiff's counsel Paul R. Genender, Zachary D. Tripp, Nathan White, Aaron J. Curtis, and Megan Cloud,

2

as well as senior paralegal Sharron Morris, and the law firm of Weil, Gotshal & Manges LLP generally. Mr. Genender and Mr. Tripp have extensive experience in trial and appellate matters, respectively, and are highly regarded nationally for their skill handling complex commercial litigation such as this case. Mr. White, Mr. Curtis, and Ms. Cloud possess exceptional experience and credentials as compared to counsel and associates of similar seniority. Ms. Morris's education, knowledge, and decades of experience providing paralegal support to complex commercial litigation matters are consistent with my experience at full-service national firms like Gibson Dunn and Weil.

7. Based on my review of the records in this matter, I understand that Ross sought to recover more than $500,000 in rollback and prorated property taxes from Defendant ML Development LP ("**Defendant**" or "**ML Dev**"). I further understand that the outcome of this litigation posed ongoing risks to Ross's $300 million distribution facility in Waller County, Texas. I have learned that Defendant alleged both a potential release and an accord and satisfaction that could have had a significant impact in other parallel litigation matters that are pending between the parties. Therefore, the dollars at issue in this case, standing alone, are not a true measure of the stakes between the parties. The potential negative impact of an adverse outcome was much larger than the amount in damages sought. As a result, it is my opinion that it was reasonable for Ross to hire attorneys of the experience and caliber of the Weil attorneys prosecuting this case.

8. I have reviewed the hourly rates sought by the Weil attorneys and paralegal in this case. It is my opinion that the standard rates that Weil charges clients for representation in matters such as this one are within market norms. But the rates sought for the Weil attorneys and paralegal are significantly reduced, as outlined below, and therefore are even more reasonable.

3

9. The standard, undiscounted rates that Weil charged for legal services during the operative time periods are as follows:

| Timekeeper | Date | Standard Rate |
|---|---|---|
| P. Genender | 2/1/20-12/31/20 | $1,250.00 |
| | 1/1/21-11/30/21 | $1,350.00 |
| Z. Tripp | 11/1/20-12/31/20 | $1,175.00 |
| | 1/1/21-11/30/21 | $1,275.00 |
| N. White | 2/1/20-12/31/20 | $1,100.00 |
| | 1/1/21-7/31/21 | $1,150.00 |
| A. Curtis | 1/1/21-9/30/21 | $1,040.00 |
| | 10/1/21-11/30/21 | $1,075.00 |
| M. Cloud | 9/1/20-9/30/20 | $595.00 |
| | 10/1/20-12/31/20 | $730.00 |
| | 1/1/21-9/30/21 | $770.00 |
| | 10/1/21-11/30/21 | $895.00 |
| S. Morris | 2/1/20-12/31/20 | $390.00 |
| | 1/1/21-10/31/21 | $405.00 |

I understand that the rate increases reflected above are based on changes in market conditions and experience level, as is standard across the industry. *See* Fee Motion at 14 n.3. In my experience, these increases are in line with those at similar firms in the Houston market and, in my opinion and based on my experience, are reasonable in light of market conditions.

10. The rates charged to and paid by Ross were discounted fifteen percent from Weil's standard rates as a result of the long-standing relationship the business has with Mr. Genender as reflected in **Exhibit 1-B** [ECF No. 72-3] attached to **Exhibit 1**, the Declaration of Paul R. Genender ("**Genender Dec.**") [ECF No. 72-1]. Those discounted rates are as follows:

4

| Timekeeper | Date | Adjusted Billed Rate (reflecting 15% discount) |
|---|---|---|
| P. Genender | 2/1/20-12/31/20 | $1,062.50 |
|  | 1/1/21-11/30/21 | $1,147.50 |
| Z. Tripp | 11/1/20-12/31/20 | $998.75 |
|  | 1/1/21-11/30/21 | $1083.75 |
| N. White | 2/1/20-12/31/20 | $935.00 |
|  | 1/1/21-7/31/21 | $977.50 |
| A. Curtis | 1/1/21-9/30/21 | $884.00 |
|  | 10/1/21-11/30/21 | $913.75 |
| M. Cloud | 9/1/20-9/30/20 | $505.75 |
|  | 10/1/20-12/31/20 | $620.50 |
|  | 1/1/21-9/30/21 | $654.50 |
|  | 10/1/21-11/30/21 | $760.75 |
| S. Morris | 2/1/20-12/31/20 | $331.50 |
|  | 1/1/21-10/31/21 | $344.25 |

11. The amount sought in the Fee Motion is further discounted another twenty percent to account for any potential inefficiencies or redundancies. *See* Ex. 1 ¶15. Those adjusted effective rates are as follows:

| Timekeeper | Date | Adjusted Final Hourly Rate (with additional 20% adjustment) |
|---|---|---|
| P. Genender | 2/1/20-12/31/20 | $850.00 |
|  | 1/1/21-11/30/21 | $918.00 |
| Z. Tripp | 11/1/20-12/31/20 | $799.00 |
|  | 1/1/21-11/30/21 | $867.00 |
| N. White | 2/1/20-12/31/20 | $748.00 |
|  | 1/1/21-7/31/21 | $782.00 |
| A. Curtis | 1/1/21-9/30/21 | $707.20 |
|  | 10/1/21-11/30/21 | $731.00 |

5

| Timekeeper | Date | Adjusted Final Hourly Rate (with additional 20% adjustment) |
|---|---|---|
| M. Cloud | 9/1/20-9/30/20 | $404.60 |
| | 10/1/20-12/31/20 | $496.40 |
| | 1/1/21-9/30/21 | $523.60 |
| | 10/1/21-11/30/21 | $608.60 |
| S. Morris | 2/1/20-12/31/20 | $265.20 |
| | 1/1/21-10/31/21 | $275.40 |

12. I have litigated complex business cases in the Houston market at both a full-service national firm similar to Weil and at a boutique litigation firm. Based on that experience, as well as my personal knowledge of market rates in the Houston community for lawyers of comparable skill, experience, and reputation as the Weil attorneys involved in this matter, it is my opinion that the adjusted final hourly rates sought in this case are comfortably within the range of reasonable hourly rates in the Houston market. This is especially true given the high stakes and risk at issue in this litigation. My opinion as to the reasonableness of the rates sought by Ross in this case is bolstered by the fact that that Ross is not seeking to recover for additional time worked (totaling approximately $295,000) by timekeepers other than those for whom recovery is sought in the Fee Motion.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2022, in Houston, Texas.

_____
Collin J. Cox

# EXHIBIT 1-A

# Collin J. Cox



811 Main Street
Suite 3000
Houston, TX 77002-6117 USA
Tel +1 346.718.6604
CCox@gibsondunn.com

*Mr. Cox is a business trial lawyer who represents plaintiffs and defendants in high-stakes commercial cases. He has been a lead trial lawyer in computer software trade secrets cases, several actions related to the Bernard L. Madoff fraud, royalty disputes, patent litigation, and other business crisis situations. In each of his representations, he prides himself on his ability to get to the heart of a complex matter, making everything as simple as possible, but not simpler (to quote Einstein), to tell a winning story to a jury or judge.*

He continues to be one of the youngest trial lawyers in Texas to receive band ranking recognition in commercial litigation from Chambers USA, in which clients have praised him as "a go-to trial lawyer" who is commercially savvy and a strategic thinker.

Mr. Cox was one of 59 Americans selected as a Presidential Leadership Scholar, completing a year-long leadership curriculum centered around four presidential administrations. He currently serves on the board of directors for the Houston Bar Association, on the Executive Committee of UTHealth Development, and as Vice President of Da Camera of Houston. Mr. Cox is the past Chairman of the Buffalo Bayou Partnership and the Texas Lyceum, the pre-eminent leadership organization for Texans younger than 45.

Mr. Cox maintains a close connection to Duke Law School, serving on its Board of Visitors and on its Adjunct Faculty, teaching a class on Hearings Practice each of the last four years. He is named in Best Lawyers in America for commercial and intellectual property litigation and is noted as a "Texas Super Lawyer" by *Thomson Reuters* and a "Houston Top Lawyer" by *H Magazine*. In 2012, he was recognized as the Woodrow B. Seals Outstanding Young Lawyer in Houston.

Prior to joining the firm, he practiced with Yetter Coleman LLP and Williams & Connolly LLP. Mr. Cox was a law clerk for the Honorable Anthony J. Scirica, Chief Judge of the United States Court of Appeals for the Third Circuit, in Philadelphia.

### Representative Matters*

- *GHP Nail Systems, LLC v. Benelux Cosmetics B.V.* Obtained a $2.7 million jury verdict on counterclaims while defending Benelux, a Netherlands-based cosmetic distributor in a trial involving poor-quality gel nail polish manufactured by the plaintiff. We were hired four months before a three-week trial, after discovery and expert selection. We prevailed on all counterclaims and successfully defeated seven

claims by GHP. The final award for our client included actual damages, penalty damages, and attorney fees.

- *Ruben Rodriguez v. Encana Oil & Gas (USA) Inc.* Secured a complete dismissal of a breach of contract claim brought against client Helmerich & Payne by a subcontract employee who allegedly was injured on an H&P rig located on Encana's property. Granting our motion to dismiss, the Court held that the plaintiff could not establish he was a third-party beneficiary of his daywork drilling contract where he only pleaded that he received incidental benefits from H&P's obligations under the contract.

- *Sanchez v. Noble Energy.* Secured dismissal of a nuisance and personal injury lawsuit brought against Noble Energy in Texas state court involving an alleged accident that occurred in Colorado. After briefing and argument, the court granted our motion to dismiss for forum non conveniens, dismissing the lawsuit with prejudice.

- *Joseph Hardesty, et al. v. County of Sacramento.* Helped secure a unanimous $107 million federal jury trial win (after five weeks of testimony) for two mining families in California. Plaintiffs alleged that the County of Sacramento violated their procedural and substantive due process rights by improperly shutting down a sand-gravel mine at the urging of a large competitor (#21 U.S. verdict of 2017). Liability was affirmed on appeal but remanded for excessive damages.

- *Business Logic Holding Corporation v. Morningstar et al.* In a complex case involving financial software in the retirement sector, first-chaired a trial team that secured a $61 million cash recovery that represented 95% maximum claimed damages by our client, Business Logic. Reached the last business day before jury selection, the agreement is the 9th largest disclosed trade-secrets settlement in the U.S. Also argued summary judgment, which preserved our misappropriation and breach-of-contract claims and disposed of Morningstar's counterclaim against our client.

- *Polyzen, Inc. v. RadiaDyne, L.L.C.* First-chaired a defense victory in a four-day jury trial in Raleigh representing defendant RadiaDyne, the designer of balloons used in prostate cancer therapy. Before trial, the court dismissed all patent claims brought by the plaintiff, a manufacturer of medical balloons. At trial, the jury unanimously found for our client on plaintiff's trade secret claim and its claim for unpurchased inventory. The jury also found that plaintiff breached the relevant contract, competed unfairly with our client, and failed to return tooling paid for by RadiaDyne. After a seven-year journey, the case resulted in a judgment for monetary damages for RadiaDyne, which has since been affirmed by the Federal Circuit.

### Professional Honors & Affiliations

- *Chambers USA: America's Leading Business Lawyers* in Texas Commercial Litigation, 2015-2021

- *Best Lawyers in America®* in Commercial and Intellectual Property Litigation, 2016-2022

- "Texas Super Lawyer" in Business Litigation, *Thomson Reuters*, 2013-2021

- "Top 100 Super Lawyer" in Houston, 2020-2021

- "Texas Super Lawyer," 2013-2021

- "Houston Top Lawyer" in Business Litigation, *H Magazine*
- "Texas Rising Star," by *Thomson Reuters,* 2008-2013
- 2012 Woodrow B. Seals Outstanding Young Lawyer Award, Houston Young Lawyers Association
- Outstanding Young Alumnus of Baylor University, 2008

### Presentations & Publications
- "Helping Clients Overcome Financial Hurdles Mid-Litigation," *Law360*, July 16, 2020 (co-author)
- "Nuisance - Trespass and Limitations Issues," 42nd Annual Advanced Civil Trial Course, 2019 (presenter)
- "Discovery of Damages in TCPA Cases," 32nd Annual Advanced Evidence and Discovery Course, 2019 (presenter and co-author)
- "Business Development, Marketing and Networking Strategies," Practice Skills for Young Lawyers, Texas Young Lawyers Association of State Bar of Texas, March 2017 (panelist)
- Adjunct Professor (Wintersession), Hearings Practice, Duke Law School, 2017-2020
- "Commercial Litigation Trends in Texas," *Financier Worldwide*, November 2016
- "Trends in Commercial Litigation," State Bar 8th Annual Business Disputes Conference, September 2016 (presenter and co-author)

### Education & Professional Background
- Duke University, J.D., *summa cum laude*, 2001 (Order of the Coif, Editor-in-Chief, 2000-2001, *Duke Law Journal*)
- University of Cambridge, M.Phil., *First Class Honors,* 1999
- Baylor University, B.A., *magna cum laude*, 1997 (Phi Beta Kappa, Outstanding Graduate, College of Arts & Sciences, Student Body President, Permanent Class President)
- Law Clerk to The Hon. Anthony J. Scirica, U.S. Court of Appeals for the Third Circuit, 2001-2002
- Temple Bar Scholar
- Admitted to Practice: Texas, 2001, District of Columbia, 2003, New York, 2015

\* Includes matters handled prior to joining Gibson, Dunn & Crutcher LLP